## SUPREME COURT—IN BANCO.

### JULY TERM—1871.

*Allen, Ch. J., and Hartwell, J.*

### THE KING *vs.* A. C. BUFFUM.

THE POLICE COURT has JURISDICTION of complaints of violation of the statute which requires LICENSED PHYSICIANS to record prescriptions of POISONOUS drugs.

If the complaint fail to aver TIME AND PLACE exactly the averments will be made on request.

Exceptions from the last April term. The defendant was convicted before the Police Justice of Honolulu of violating the provisions of the 4th Section of the Act of July 23d, 1868, Chapter 88, Compiled Penal Code, viz.: "Every licensed physician, druggist or apothecary who shall compound, sell or deliver any prescription containing any poisonous drug, or substance deleterious to human life, to be used as medicine, shall enter upon his books said prescription written out in full, with the date thereof, with his own name appended thereto, or the name of the physician who prescribed the same, and the person to whom the same was delivered ; and no such prescription shall be compounded, sold or delivered, unless the name of the person compounding, selling or delivering the same, or the name of the physician prescribing the same, be appended to the prescription in full, and every such prescription shall be preserved ; and said books and prescriptions shall be subject at all times to the inspection of the Minister of the Interior or his agent."

The defendant appealed, and at his trial asked the Court to instruct the jury that the above section "was designed to apply to *written* prescriptions only, and not to remedies ad-

The King *v.* A. C. Buffum.

ministered by a licensed physician in the emergencies of medical practice; because the druggist or physician who compounds the prescriptions of another is not to be presumed to know the nature of the disease or remedy, or to whom it is to be administered, and is not responsible for it; but the physician who administered the medicine is presumed to know this, and is responsible for mal-practice if the remedies are not adapted to the disease, and ill consequences result.''

The presiding Justice declined to give this instruction, and instructed the jury, that "if the doctor administered a poisonous drug or substance deleterious to life, in such quantities as are unusual in the ordinary course of practice, he should have entered the same in his books, which should have been open to the inspection of the Minister of the Interior."

A motion for a new trial on the ground that the verdict was against law and evidence, and the instructions, was denied. A motion in arrest of judgment, for error in refusing the instructions prayed for, was denied. A second motion in arrest of judgment was denied, which alleged the following grounds: "1. That the Police Justice had no jurisdiction to render final judgment. 2. If there was jurisdiction, there is no record in this Court of such judgment. 3. There is no record in this Court of any charge against the defendant, showing the time, place or acts constituting any offence against the laws of this kingdom. 4. That a violation of the Act of June 23d, 1868, is not a criminal offence on which a judgment of conviction for a fine can be rendered. 5. That no action can be brought under said Act to recover the forfeiture except by civil process in the nature of a *qui tam* action."

Exceptions were taken and allowed to each of the above rulings.

W. C. JONES FOR DEFENDANT.

1. The jurisdiction of the Police Justice in civil actions is limited by statute, and is only extended in specified cases of

crimes and violations of license laws. The remedy for a forfeiture under the statute is in the nature of a civil action, and must be brought in a Court having jurisdiction specially conferred by statute. The 5th Section of the Act provides, "That any person violating the provisions of this Act shall forfeit a sum not exceeding one thousand dollars for each offence." No form or tribunal is specified, but it must be a competent tribunal.

2. The jurisdiction of inferior tribunals must be shown affirmatively. Crepp vs. Durden, 1 Smith's Lead. Cases, pp. 991, 994, et seq.; Williamson vs. Berry, 8 How., 495. A new statute liability is confined to the words of the Act creating it, and must be construed strictly. 33 Cal., 212 ; 1 Barb., 647; 1 Coke, 37a ; 5 Mass., 514; 6 Ib., 44; 1 Met., 533; 2 Ib., 55; 4 Pick., 232; 18 Wend., 220; 1 B. & Ald., 859; 3 Hill, 412; 1 Al. & Ellis, 667; 7 Barb., 337.

S. H. Phillips, Attorney General, for the Crown.

OPINION OF THE COURT BY HARTWELL, J.

The act complained of is termed an offence by the statute itself, Section 5, p. 263, Penal Code; and is defined as a misdemeanor. Ib., Section 2, p. 1. For an offence within the jurisdiction of Police and District Magistrates, a criminal complaint like the present is the correct procedure. Const., Article 7. A violation of statute requirements concerning licensed physicians is a violation of a license law within the meaning of the statute which makes all offences of violating license laws cognizable before the Police and District Justices. Ib., p. 127, Sect. 9, and of pp. 141, Sect. 47, 142, Sect. 51, Civil Code, p. 7, Sect. 11.

The statute plainly requires medical prescriptions containing any poisonous ingredient to be recorded. The instruction prayed for would set aside the statute, and the one given was extremely favorable.

The record is sufficiently full for statute requirements,

although if requested at the trial, further specifications would have been required to be given and recorded. Rex *vs.* Gillingham, 2 Haw., p. 760. The records show a conviction and a judgment before the Police Court.

Exceptions overruled.

The Attorney General then moved for judgment, which was pronounced by the Chief Justice, who tried the cause,— $250 fine and costs.

Honolulu, August 2d, 1871.